# IN THE SUPREME COURT OF THE STATE OF NEVADA

IN RE: DISCIPLINE OF SCOTT M. HOLPER, ESQ., BAR NO. 9587.

No. 72014

**FILED**

SEP 2 8 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
CHIEF DEPUTY CLERK

## *ORDER OF SUSPENSION*

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a modified conditional guilty plea agreement in exchange for a stated form of discipline for attorney Scott M. Holper.

In the plea agreement, Holper admitted to one or more violations of the following Rules of Professional Conduct: 1.1 (competence), 1.4 (communication), and 3.1 (meritorious claims and contentions) by (a) filing a complaint on behalf of a client alleging a cause of action knowing that the statute of limitations had expired and the defendant was not liable, and (b) not communicating with the client regarding the status of her case; 1.3 (diligence) by failing to diligently pursue a case; 1.6 (confidentiality of information) by allowing privileged information to be shown to a client's family member without the client's permission; 1.8 (conflict of interest) by entering into a business transaction inappropriately with a client; 1.15 (safekeeping property) by failing to maintain client funds in his trust account and failing to account for settlement funds; 3.3 (candor toward the tribunal) by not being forthright with a state court about his client's pending federal charges and his

SUPREME COURT
OF
NEVADA

(0) 1947A

17-33062

reasons for seeking to change that client's plea in an adjudicated misdemeanor matter; 5.3 (responsibilities regarding nonlawyer assistants) by failing to appropriately supervise a nonlawyer assistant; 8.1(b) (disciplinary matters) by failing to give correct or adequate information to the State Bar in responding to the disciplinary inquiries; and 8.4 (misconduct) by failing to comply with the Rules of Professional Conduct. Holper agreed to (1) a 6-month suspension, to be conditionally stayed with the exception of 90 days actual suspension; (2) a 1-year probation period, during which he must have no new grievance resulting in the imposition of actual discipline; (4) complete 20 additional hours of continuing legal education; (5) pay restitution; and (6) pay the actual costs of the disciplinary proceeding plus fees.

Based on our review of the record and weighing the duties violated, Holper's mental state, the potential or actual injury caused by his misconduct, and the aggravating and mitigating factors, *In re Discipline of Lerner*, 124 Nev. 1232, 1246, 197 P.3d 1067, 1077 (2008), we conclude that the guilty plea agreement should be approved. *See* SCR 113(1). Holper admitted that he acted with knowledge in violating duties owed to his clients, the public, and the profession. His misconduct resulted in actual or potential injury to his clients, the public, and the profession. Holper's most serious acts of misconduct were failing to safekeep client property, failing to communicate with and diligently and competently represent his clients, and his lack of candor toward the court. Absent aggravating or mitigating circumstances, a suspension is generally appropriate for such violations. Standards for Imposing Lawyer Sanctions, *Compendium of Professional Responsibility Rules and Standards*, Standard 4.12 (Am. Bar Ass'n 2016) (providing that suspension is generally appropriate when a

lawyer knows or should know that he is improperly dealing with client property); *see also id.*, Standard 4.42 (recommending same discipline for knowingly failing to perform services or engaging in a pattern of neglect with respect to client matters), Standard 7.2 (recommending same discipline when a lawyer "knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system"). The record supports three aggravating factors (pattern of misconduct, prior disciplinary offenses, and multiple offenses) and two mitigating factors (delay in disciplinary proceedings and remorse). Considering all of these circumstances, the agreed-upon discipline is sufficient to serve the purpose of attorney discipline—to protect the public, the courts, and the legal profession. *State Bar of Nev. v. Claiborne*, 104 Nev. 115, 213, 756 P.2d 464, 527-28 (1988).

We hereby suspend attorney Scott M. Holper from the practice of law in Nevada for a period of 6 months commencing from the date of this order. The suspension shall be partially stayed following 90 days of actual suspension and Holper shall be on probation for 1 year from the date of this order, subject to the following conditions: (1) Holper must complete 20 hours of continuing legal education, 10 of which must be related to ethics and 10 of which must be related to law office management or client relations, in addition to the hours required by SCR 210 within 1 year from the date of this order; (2) Holper must have no grievance resulting in discipline of a letter of reprimand or greater during his probation period; (3) Holper must pay $2,185.57 in restitution ($426.50 to the client in count 4 of the complaint and $1,759.07 to the client in count 5) within 90 days from the date of this order; and (4) Holper must

pay the actual costs of the disciplinary hearing plus $2,500 in fees within 30 days from the date of this order or receipt of the State Bar's bill of costs, whichever is later. *See* SCR 120. The parties shall comply with SCR 115 and SCR 121.1.

It is so ORDERED.

_____, C.J.
Cherry

_____, J.
Pickering

_____, J.
Parraguirre

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Stiglich

DOUGLAS, J., dissenting:

I would not approve the conditional guilty plea. Therefore, I dissent.

_____, J.
Douglas

cc:   Chair, Southern Nevada Disciplinary Board
Hofland & Tomsheck
C. Stanley Hunterton, Bar Counsel, State Bar of Nevada
Kimberly K. Farmer, Executive Director, State Bar of Nevada
Perry Thompson, Admissions Office, U.S. Supreme Court